I respectfully dissent. The issue in this case is whether a corporate defendant in a class action filed in Marengo County, where the corporation does business, may, "in the interest of justice," pursuant to Ala. Code 1975, § 6-3-21.1,[3] compel by a writ of mandamus, transfer of the action to Dallas County, when the defendant argues, because Marengo County was not the county of the plaintiff's residence or the site of the alleged wrongs or harm, that the plaintiff "more probably than not" chose Marengo County for purposes of forum shopping. I would answerthat question in the negative.
First Family contends in this case that the phrase "interest of justice" requires a judicial analysis separate and distinct from a consideration of the convenience of the parties. Specifically, it argues that the phrase "necessarily reaches to forum shopping and judge shopping." Brief in Support of Application for Rehearing, at 3. The essence of this argument is that in the absence of a positive showing by the plaintiff of a "connection between the forum county, the plaintiff, the plaintiff's claims and alleged harm or injuries, and the defendant," id. at 6, forum shopping would be presumed and the trial judge would have aduty — "in the interest of justice" — to transfer the case to a forum chosen by the defendant.
To its credit, the majority does not adopt this reasoning intoto. Nevertheless, much of it is reflected in the majority's holding.
The problem is that the phrase "interest of justice" is an amorphous, catch-all term, capable of various meanings. Whenever it appears in a statute, however, it inherently "imports the exercise of discretion by a court." Bernstein v. Strammiello,202 Misc. 823, 830, 120 N.Y.S.2d 490, 497 (Sup.Ct. 1952). *Page 663 
"[I]t follows that such exercise should not be disturbed merely because it is deemed that it was `improvident.'" Id.
More specifically, the pertinent language of § 6-3-21.1 is nearly identical to that of the "federal venue transfer statute," namely, 28 U.S.C. § 1404 (a), which states: "For theconvenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." (Emphasis added.) Of course, transfer under § 1404(a) is discretionary.American Dredging Co. v. Miller, 510 U.S. 443, 449,114 S.Ct. 981, 127 L.Ed.2d 285 (1994); Stewart Organization, Inc. v. RicohCorp., 487 U.S. 22, 23, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (section 1404(a) "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness").
The argument made by First Family and the approach taken by the majority could be understood as linking the phrase "in the interest of justice" specifically to the concept of forum shopping, and, through a forced statutory construction based on that linkage, as divesting trial courts of the discretion they have been afforded by the Legislature. For these reasons, I respectfully dissent.
ALMON and SHORES, JJ., concur.
[3] Section 6-3-21.1 provides in pertinent part:
 "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed. . . ."
(Emphasis added.)